## LOPEZ et al. v. LOPEZ

[Rehearing Denied April 26, 1922.]

[Nos. 2664, 2665.    Feb. 22, 1922.]

## STATE ex rel. LOPEZ et al. v. MAES et al.

### SYLLABUS BY THE COURT

(1)    Findings of the trial court **held** to be supported by substantial evidence.        P. 63

(2)    In an action on a guardian's bond, it being admitted that the guardian received a certain number of his ward's sheep, his duty to account for that number of sheep either in kind or value immediately arose, and when he was able to produce neither the sheep nor assets representing their value, an'd his surety alleged that the shortage consisted of sheep that were lost, it was incumbent upon the surety to show how many died, and not that an indefinite number did, where otherwise he has not accounted for nor furnished necessary data for such allowance.        P. 63

Appeal from District Court, Colfax County; Leib, Judge.

Proceedings by the State, on the relation of Manuelita Lopez, as guardian of the persons and property of Onofre Lopez and others, against Clodoveo Lopez, and also by the State, on the relation of Eleuto Lopez and another, against Luciano Maes, Clodoveo Lopez, and Juan F. Trujillo, as administrator of the estate of Juan B. Lopez, deceased.    From the judgment therein, the •defendant Clodoveo Lopez appeals.    Affirmed.

Voorhees & Voorhees, of Raton, for appellant.

H. M. Roderick, of Raton, for appellees.

### OPINION OF THE COURT

DAVIS, J.    In 1918 Luciano Maes was appointed guardian for certain minor children and took the management of property belonging to them consisting principally of sheep.    In 1920 he absconded without accounting for the property.

Appellant is one of the sureties on his bond as guardian, and these proceedings were commenced

against her to compel an accounting and for judgment in the amount found due. A statement of account was filed in the trial court by which the receipt of the sheep was admitted, but claimed credit for 67 head that were lost in 1918 because of storms and loco poisoning, and for 381 lost in 1919 from the same causes. Credits were also claimed in a considerable amount for expenditures in the support of the minors. Counsel for appellee throughout the trial maintained the position that appellant was not entitled to credit for the 1919 losses, on the ground that it was the duty of the guardian to dispose of the sheep within a reasonable time after he received them and certainly during the year 1918, and that, not having done so, he became engaged in business for himself and bound to account for the then value of the sheep. The trial court, although overruling the objections made to the testimony offered in support of these losses, reconstructed the account by charging the guardian with the value of all the sheep received and allowing no credits for sheep lost, or for amounts expended for maintenance of the minors.

Appellee adheres to his position in the trial court, and also contends that there was no sufficient proof either of the losses nor of the amounts expended in maintenance.

[1, 2] It being admitted that the guardian received a certain number of sheep belonging to his wards, his duty to account for this number, either in kind or in value, immediately arose. When called upon to account, he was able to produce neither sheep nor other assets representing their value. To explain this shortage his surety alleged that 448 head were lost. Whatever the rule of law as to the degree of care required of a guardian, as to his duty to dispose of such property within a reasonable time, and as to his responsibility for losses, it is certainly essential to a claim for loss that he show that the losses actually happened. He must furnish the facts upon which the law will operate. Appellant failed to furnish the necessary

proof. It is true that witnesses testified that there were severe storms during the period, that there were losses among other sheep men, and that the guardian suffered heavy loss in his flocks. But no attempt whatever was made to show the actual number lost or even to approximate it. Testimony to the effect that many of the sheep died did not aid the court in determining the number with which the guardian should be credited, assuming that he was entitled to a credit at all. It was incumbent upon him to show how many sheep died, not that an indefinite number did, for otherwise he has not accounted nor furnished the trial court nor this court with the necessary data upon which to base such an allowance.

There is the same answer to the argument of appellant that credit should have been given for the amount expended in the running of the sheep, payment of taxes and support of the minors, and some compensation allowed for himself. There was no proof on which such allowance could be based. There was some evidence of amounts expended by the guardian during the period, but no showing as to what portion of the amount went to purposes for which the guardian would be entitled to credit. Obviously, the burden of proof in this regard was upon him. He failed to maintain it.

Appellant further contends that there was not proper proof of the value adopted by the court for the sheep charged against the guardian. An examination of the record, however, discloses definite proof by competent witnesses who saw the sheep and testified to this value.

Appellant objects to a charge of $50 as rent for real estate belonging to the wards, claiming that the land was used for pasturing the sheep of the wards. While this is true in part, it is also true that the guardian used the property for his own purposes, as a residence for himself and his family. The testimony

was that its rental value was $50 a year, and the guardian occupied it for about two years. The charge of one year's rent against him was not improper.

For the reasons stated, the judgment is affirmed, and it is so ordered.

RAYNOLDS, C. J., and PARKER, J., concur.